In the Matter of the Claim of WILLIAM A. WALKER, Respondent, *v.* CLYDE STEAMSHIP COMPANY, Appellant.

Workmen's Compensation Law — injury to employee of a foreign railroad corporation owning and operating a steamship engaged solely in interstate commerce — when such employee entitled to award under statute, although he may maintain an admiralty proceeding in rem against the company for the same injury.

Where an employee of a foreign railroad corporation, owning and operating a steamship engaged solely in interstate commerce, was accidentally injured on the steamship while it was lying alongside a pier in the Hudson river in the city of New York, he may sustain a claim under the Workmen's Compensation Act notwithstanding the fact that he may maintain an admiralty proceeding *in rem* for the same injury. While the remedy provided by the Workmen's Compensation Act is a substitute for the common-law remedy, it is in no sense a proceeding *in rem* to enforce a maritime lien and may, therefore, exist concurrently with the remedy in admiralty.

*Matter of Walker* v. *Clyde Steamship Co.*, 167 App. Div. 945, affirmed.

(Argued June 15, 1915; decided July 13, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 22, 1915, affirming an award of the state workmen's compensation commission.

The facts, so far as material, are stated in the opinion.

*Norman B. Beecher* and *Ray Rood Allen* for appellant. The state is without power to make the remedy given in

34

the Workmen's Compensation Law exclusive in the case
of an .employee injured while upon navigable waters,
and the law should be construed as inapplicable to such
an employee. Unless so construed, it is unconstitutional
because it denies to appellant the equal protection of the
laws in violation of the Fourteenth Amendment of the
Constitution of the United·States. (*Atlantic Transport
Co.* v. *Imbrorek,* 234 U. S. 52; *The Transfer,* 221 Fed. Rep.
409; *The Fred. E. Sander,* 208 Fed. Rep. 724; *The
Rosalie Mahoney,* 218 Fed. Rep. 695; *The Lottawanna,*
21 Wall. 558; *Workman* v. *New York City,* 179 U. S.
552; *The Max Morris,* 137 U. S. 1; *The Thode Fogelund,*
211 Fed. Rep. 685; *Cunningham* v. *N. W. Imp. Co.,* 44
Mont. 108.)

*Egburt E. Woodbury, Attorney-General (E. C. Aiken*
of counsel), for respondent.

MILLER, J. This case involves a point not considered
in *Matter of Jensen,* decided herewith. The claimant
was injured on a steamship lying alongside a pier in the
Hudson river, and the case was, therefore, one of admi-
ralty and maritime jurisdiction. It is urged that the
Workmen's Compensation Act was not intended to apply
to such a case, and that if it was it is unconstitutional
for denying the equal protection of the laws.

Article 3, section 2 of the Constitution of the United
States provides: "The judicial power shall extend   *   *   *
to all cases of admiralty and maritime jurisdiction."

The Judicial Code of the United States of March 3d,
1911 (C. 231, amending 36 Stat. 1087) provides: "Section
24. The district courts shall have original jurisdiction as
follows:   *   *   *   Third. Of all civil causes of admiralty
and maritime jurisdiction, saving to suitors in all cases
the right of a common law remedy where the common
law is competent to give it." "Section 256. The juris-
diction vested in the courts of the United States in the

cases and proceedings hereinafter mentioned shall be exclusive of the courts of the several states;  \*  \*  \* Third. Of all civil causes of admiralty and maritime jurisdiction; saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.' "

Whilst Congress has conferred admiralty jurisdiction upon the District Courts, that jurisdiction is derived from the Constitution of the United States and is governed by the rules of the maritime law. Congress has not established " a rule of liability or method of compensation " within the meaning of section 114 of the Workmen's Compensation Act set forth in the opinion in the *Jensen* case. The act, therefore, applies unless the admiralty jurisdiction is exclusive. But the sections of the Judicial Code above quoted like the provisions of the Judiciary Act from which it was compiled saves to suitors common-law remedies. The jurisdiction peculiar to admiralty, which cannot be exercised by state courts, is the jurisdiction to enforce maritime liens by proceedings *in rem.* A suitor must pursue that remedy in the District Court of the United States, but he may if he choose resort to his common-law remedy by action against the master or owner of the vessel in any court, state or federal, having jurisdiction. (*The Moses Taylor,* 4 Wall. 411; *The Hine* v. *Trevor,* Id. 555; *The Belfast,* 7 id. 624; *Steamboat Co.* v. *Chase,* 16 id. 522; *The Lottawanna,* 21 id. 558; *The Glide,* 167 U. S. 606.) The remedy provided by the Workmen's Compensation Act is a substitute for the common-law remedy. It is in no sense a proceeding *in rem* to enforce a maritime lien and may, therefore, exist concurrently with the remedy in admiralty. The state cannot interfere with the admiralty jurisdiction (*The Lottawanna supra; Workman* v. *New York City,* 179 U. S. 552), and if the act be valid, an injured employee may in certain cases have a choice of remedies, one under the act and another in admiralty precisely as before

he could choose between his common-law remedy and the right to proceed in admiralty.

But it is argued that the act purports to grant exemption from further liability to those who comply with it, and that as such exemption is not effectual in the case of employers whose property may be proceeded against in admiralty, it is as to them a denial of the equal protection of the laws. The exemption, however, is from suits at common law, of which all employers complying with the act equally have the benefit. If another remedy remain, it results from the nature of the case, and not from any attempt at discrimination on the part of the legislature. All in the same case are treated alike. Employers in the situation of the appellant are subjected to two remedies now, precisely as they were before the passage of the act. A new remedy has been substituted for the common-law remedy, from which the· employer is granted exemption.

The case of *Cunningham* v. *Northwestern Improvement Co.* (44 Mont. 180), relied on by the appellant is not in point. The statute considered in that case required the employers to make the prescribed payments into the state fund but left them liable to a suit at common law. The legislature in this case granted as far as it had the power exemption from further liability upon compliance with the act, thus treating all alike. If in certain cases a remedy in admiralty still exists, that results from the dual nature of our government — from the existence of two jurisdictions within the same territorial limits — and is a part of the price which persons thus affected have to pay for the privilege of enjoying the advantages of that form of government.

The order should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, CUDDEBACK, CARDOZO and SEABURY, JJ., concur.

Order affirmed.