# CLYDE STEAMSHIP COMPANY *v.* WALKER.

ERROR TO THE SUPREME COURT, APPELLATE DIVISION, THIRD JUDICIAL DEPARTMENT, OF THE STATE OF NEW YORK.

No. 281.    Argued February 28, 1916; restored to docket for reargument November 13, 1916; reargued January 31, February 1, 1917.—Decided May 21, 1917.

Upon the authority of *Southern Pacific Co.* v. *Jensen, ante,* 205, *Held,* that the New York Workmen's Compensation Act is unconstitutional as applied to the case of a longshoreman employed by a steamship company engaged in interstate transportation by sea, who was injured while on board a vessel unloading her at her wharf in navigable waters in New York.

215 N. Y. 529, reversed.

THE case is stated in the opinion.

*Mr. Norman B. Beecher*, with whom *Mr. Ray Rood Allen* was on the briefs, for plaintiff in error.

*Mr. E. Clarence Aiken*, with whom *Mr. Egburt E. Woodbury*, Attorney General of the State of New York, and *Mr. Harold J. Hinman* were on the brief, for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

Purporting to proceed under the Workmen's Compensation Law of New York (c. 67, Consolidated Laws), the State Commission, on September 3, 1914, made an award to defendant in error, Walker.

It found:

"1. William Alfred Walker, a claimant, is a longshoreman, residing at 151 West 133rd Street, New York City. Prior to July 1, 1914, he was employed in the City of New York by the Clyde Steamship Company for longshore work. He was injured on July 1, 1914, while in the employ of the Clyde Steamship Company as a longshoreman.

"2. The Clyde Steamship Company is a corporation organized and existing under the Laws of Maine, where it has its principal office. It also has an office at Pier 36 North River.

"3. During the discharge of the Cherokee and at the time of the accident, the claimant was on board the steamship Cherokee, owned and operated by the Clyde Steamship Company. During the year prior to the accident, Walker had been employed from time to time by the Clyde Steamship Company and could have been assigned to work upon the pier. The Cherokee was, at the time of the accident, moored to and alongside Pier 37, North

River, New York City, lying in navigable waters of the Hudson River. Said pier is leased by Clyde Steamship Company from the City of New York.

"4. While claimant was hooking the rope of a derrick into a load of lumber in the between decks of said vessel for the purpose of unloading it from that vessel, his hand was jammed against the lumber, resulting in laceration of the second finger of the left hand. Claimant was disabled by reason of the injury from July 1, 1914, to July 22, 1914, returning to work upon the latter date.

"5. The business of the Clyde Steamship Company in this state consists solely of carrying passengers and merchandise to New York from other states and carrying passengers and merchandise from New York to other states. All cargo on board the Cherokee, including the lumber aforesaid, had been taken on board in the State of North Carolina and carried by water to New York and was there unloaded from the steamship Cherokee. The claimant was engaged solely in handling said lumber.

"6. The injury was an accidental injury and arose out of and in the course of the employment of claimant by the Clyde Steamship Company. The injury did not result solely from the intoxication of the injured employee while on duty, and was not occasioned by the wilful intention of the injured employee to bring about the injury or death of himself or another.

"7. The average weekly wage of claimant was $17.30."

Without opinion the Appellate Division affirmed the award, and this action was approved by the Court of Appeals. 215 N. Y. 529.

In *Southern Pacific Company* v. *Jensen,* just decided, *ante,* 205, we considered and disposed of the fundamental question here involved. The legislature exceeded its authority in attempting to extend the statute to conditions like those which the record discloses.

The judgment of the court below must be reversed and

the cause remanded for further proceedings not inconsistent with our opinion in the former case.

*Reversed.*

Dissenting: Mr. JUSTICE HOLMES, MR. JUSTICE PITNEY, MR. JUSTICE BRANDEIS and MR. JUSTICE CLARKE.