## THE HOWELL.

### (District Court, S. D. New York. March 6, 1919.)

ADMIRALTY ⚌20—INJURY TO SERVANT—WORKMEN'S COMPENSATION ACT—EXCLUSIVE REMEDY—ADMIRALTY JURISDICTION.

Under Judicial Code, § 24 (3), and section 256 (3), as amended by Act Oct. 6, 1917, §§ 1, 2 (Comp. St. 1918, §§ 991, 1233), by addition of the words "saving * * * to claimants the rights and remedies under the Workmen's Compensation Law of any state," which amendments are constitutional, a longshoreman injured on a vessel whose employment is covered by the Workmen's Compensation Law of New York, which makes the remedy thereunder exclusive, is without remedy in admiralty, either in personam or in rem.

In Admiralty. Libel in rem against the steam lighter Howell. Libel dismissed.

This was a libel in rem in the admiralty for personal injuries to the libelant while discharging a lighter in the harbor of New York as a longshoreman. The libelant, being on board the lighter and in the employ of the claimant, was hit by a falling bolt which had worked loose from a shackle used in discharging her. The libelant's theory of recovery was that

⚌For other cases see same topic & KEY NUMBER in all Key-Numbered Digests & Indexes

the ship was provided with insufficient apparatus, and was or became unseaworthy to that extent. At least it may be taken that the libel alleged facts which were susceptible of that interpretation.

The claimant had taken out the necessary insurance to comply with section 50 of the Workmen's Compensation Law of New York (Consol. Laws, c. 67), under section 11 of which its liability in that event was confined to the compensation fixed by that statute, to the exclusion of any general liability arising from its duty as master to its servants. The question was whether the claimant was equally absolved from any liability arising under the maritime law.

P. J. Dunn, of New York City, for libelant.

B. L. Pettigrew, of New York City, for defendant.

LEARNED HAND, District Judge (after stating the facts as above). The case of Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900, decided that the New York Workmen's Compensation Law was invalid so far as it affected to impose any liabilities for personal injuries occurring in places over which the admiralty courts of the United States had jurisdiction. While the court recognized that the States might modify certain maritime rights, they thought that the action of Congress alone could change the pre-existing rules of the sea in respect of such matters as were covered by the law in question. Subsequently Congress changed Judicial Code (Act March 3, 1911, c. 231) § 24, par. 3, and section 256, par. 3, 36 Stat. 1091, 1160, as amended by Act Oct. 6, 1917, c. 97, §§ 1, 2, 40 Stat. 395 (Comp. St. 1918, §§ 991, 1233), by amending the phrase "saving to suitors in all cases, the right of a common-law remedy where the common law is competent to give it," by the addition of the phrase, "and to claimants the rights and remedies under the Workmen's Compensation Law of any state." Since, therefore, under Southern Pacific Co. v. Jensen, supra, Congress was held to have exclusive power to prescribe the rules governing accidents at sea, the only questions which can remain after those amendments are as to their meaning, and as to whether they were forbidden by some constitutional limitation.

To take up first the second question, it may be asked whether the act of Congress was valid which submitted the rules of the sea, not only to existing state laws, but to possible future changes determined only by the will of the states. So far as this case goes, that question is perhaps not pertinent, because, although the state of New York in 1918, and after they had been declared invalid, re-enacted the section controlling this case—section 2 (Group 10)—there was no change in language, and the case at bar may be regarded as in fact governed by the law of New York as it stood when the amendments were passed. Nevertheless the amendments were probably intended to be prospective, and a question might arise as to their validity for that reason. Since Clark Distilling Co. v. Western Maryland Ry., 242 U. S. 311, 37 Sup. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845, I can hardly think that that question is serious. That case determined that, as to matters over which Congress had jurisdiction, it might permit state legislation even prospectively until such time as in its own pleasure it should choose to assume explicit

legislative control. Hence, even if it be true that the amendments to sections 24 and 256 of the Judicial Code must be interpreted prospectively, there is no ground to suppose that they are invalid.

As to the validity of these amendments to the Judicial Code under the Fifth Amendment to the United States Constitution, I assume that New York Central R. R. v. White, 243 U. S. 188, 37 Sup. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629, is a final answer, since the same question was there presented as to the validity of the state law under the Fourteenth Amendment.

There remains, then, only the meaning of the amendments, which by reference necessarily incorporated into themselves the New York Workmen's Compensation Law, along with other such laws. Section 11 of that law makes the remedy of compensation exclusive, and if the liability sued upon in the libel depended upon the state law, that would be an end of the matter, since it was clearly not the purpose of the state statute to allow any general liability whatever to survive. However, Southern Pacific Co. v. Jensen, supra, went precisely upon the point that such liabilities as those now at bar arise from the law of the sea, independently of the law of the state, and the more recent case of Chelentis v. Luckenbach, 247 U. S. 372, 38 Sup. Ct. 501, 62 L. Ed. 1171, confirms that view. Hence, as the libelant urges, the state law may not be interpreted as attempting to end liabilities over which it had no power, and which did not depend upon the will of the state. The answer is, I think, that, though its act was brutum fulmen, the state certainly did intend by section 11 to abolish all liabilities which had previously existed in favor of the groups mentioned in section 2, because section 11 is general and abolishes all liability "at common law or otherwise." Were it not so, we must suppose that the state law, which confers compensation upon longshoremen by a single sentence, whether at work afloat or ashore, intended to give them an option if injured while afloat, and none if injured while ashore. The words do not suggest such an interpretation, and the result is incredible. The system was, of course, intended to be uniform throughout.

Now, it is true that, when first used, this language did not have the force of law as widely as was expected by the Legislature which used it. But that did not affect the content of the language; i. e., its actual intent. That is a question of fact, which is not in the least affected by whether or not the intent became a binding rule of law. When Congress gave validity to the language, it necessarily adopted the intent with which it was used, and the words which in fact had all the time covered such a liability as this, as a mere expression of intent, thereafter covered it as a law. Therefore Congress abolished such liabilities as those here in suit.

It is finally suggested that the remedy in rem may still exist in the admiralty concurrently with the remedy of the Workmen's Compensation Law, since the state law could not have interfered with a remedy known only to the admiralty. This was undoubtedly the suggestion of the Court of Appeals of the State of New York in Walker v. Clyde S. S. Co., 215 N. Y. 529, 532, 109 N. E. 604, Ann.

Cas. 1916B, 87, a case subsequently reversed by the Supreme Court in Clyde v. Walker, 244 U. S. 255, 37 Sup. Ct. 545, 61 L. Ed. 1116. I submit with deference that in no event can the remedy apply after Congress passed the amendments to the Judicial Code. The remedy in rem must depend upon some obligation created by the negligent act of the ship. As soon as that obligation ceases, the remedy is necessarily in vacuo. As I have said, the state law (section 11) did not confine itself to the abolition of common-law liabilities, but professed to abolish all such anywhere. If it was effective to do this, after Congress had validated its intent, there was thereafter no liability, and the remedy in rem had nothing further on which to operate. While it is true, therefore, that the state law, even when so validated, did not and could not affect any remedy of the admiralty, the underlying obligation having disappeared, the remedy was inoperative. I am not, therefore, troubled by the language of Walker v. Clyde S. S. Co., supra.

The libel is dismissed, with costs.