[Civ. No. 3835. Second Appellate District, Division Two.—April 15, 1922.]

## LOS ANGELES SHIPBUILDING & DRYDOCK COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] ADMIRALTY LAW — MARITIME CONTRACT — TEST.—In determining whether a contract be maritime the test is not locality, as in the case of torts, but the subject matter of the contract—the nature of the work to be done.

[2] ID.—CONSTRUCTION OF VESSEL—NONMARITIME CONTRACT.—A contract for the construction of a vessel is nonmaritime and not within the admiralty jurisdiction.

[3] ID. — WORK UNDER MARITIME CONTRACT — INJURY — WORKMEN'S COMPENSATION ACT INAPPLICABLE.—Where work is performed under a maritime contract no state has power to abolish the well-recognized maritime rules concerning the measure of recovery for injuries received in the course of the employment and sub-

---

3. Applicability of the state compensation acts to injuries within admiralty jurisdiction, notes, Ann. Cas. 1916B, 88, 280; Ann. Cas. 1917E, 919; Ann. Cas. 1918B, 661; L. R. A. 1918C, 474.

Power of Congress to permit application of state compensation laws to injuries within admiralty jurisdiction, note, 11 A. L. R. 1155.

stitute therefor the indemnity that is afforded by a Workmen's Compensation Act.

[4] EMPLOYER AND EMPLOYEE—NONMARITIME WORK—INJURY TO EMPLOYEE — OBLIGATION OF EMPLOYER.—Where the contract of employment is nonmaritime and the work is not of a maritime character—such as where a marine machinist is engaged in installing machinery in an uncompleted vessel which has been launched and drawn up beside a dock for completion where it is afloat and riding the navigable waters of a harbor—the workmen's compensation law fastens upon the relation of employer and employee the obligation to compensate for injuries received in the course of employment.

[5] ID.—NONMARITIME EMPLOYMENT—OBLIGATION TO PAY STATUTORY COMPENSATION FOR INJURY.—Where a contract of employment is nonmaritime, the parties must be deemed to have entered into it with the knowledge that the law has attached to their relation of master and servant an obligation to pay the statutory compensation for any injury which may be received in the course of the employment.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.    Affirmed.

The facts are stated in the opinion of the court.

Louis M. Lissner for Petitioner.

A. E. Graupner and Warren H. Pillsbury for Respondents.

FINLAYSON, P. J.—This is a proceeding in *certiorari* to review an award of the Industrial Accident Commission in favor of one M. Toutain, a marine machinist who was injured while installing machinery in a vessel that was being constructed by Toutain's employer, the petitioner here.    The vessel had never been in commission.    It was an incomplete structure at the time of the injuries.    It had, however, been launched and had been drawn up beside a dock for completion, where it was afloat and riding the navigable waters of Los Angeles harbor at the time of the accident.    Claiming that the commission's award was based upon a maritime tort, petitioner contends that the respective rights and duties of the parties must be determined and controlled by the maritime law, and that,

57 Cal. App.—23

therefore, the application of the California Workmen's Compensation Act would be an unauthorized invasion of the admiralty jurisdiction of the federal courts.

By article III, section 2, of the constitution of the United States the judicial power of the United States extends "to all cases of admiralty and maritime jurisdiction." The judicial code of the United States (40 Stats. at Large, 395 [4 Fed. Stats. Ann., p. 838; 5 Fed. Stats. Ann., p. 921; U. S. Comp. Stats., secs. 991, 1233]), by sections 24 and 256, vests exclusive jurisdiction in the federal courts "of all civil cases of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it, and to claimants the rights and remedies under the Workmen's Compensation Law of any state." The concluding part of this saving clause, that which purports to save to claimants the rights and remedies afforded by a state Workmen's Compensation Act, was added to the federal judicial code on October 6, 1917, by an amendment commonly known as the Johnson amendment. In *Southern Pac. Co.* v. *Jensen,* 244 U. S. 205 [Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524], and in *Clyde Steamship Co.* v. *Walker,* 244 U. S. 255 [61 L. Ed. 1116, 37 Sup. Ct. Rep. 545], it was decided that a state compulsory Workmen's Compensation Act is opposed to the federal constitution in so far as its terms apply to maritime injuries received in the performance of work of a maritime nature, performed in the course of employment under a maritime contract, and in *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149 [11 A. L. R. 1145, 64 L. Ed. 834, 40 Sup. Ct. Rep. 438], it was decided that, in passing the Johnson amendment, Congress transcended its constitutional power to legislate concerning rights and liabilities which are within the maritime jurisdiction, and that, therefore, the clause saving to claimants the rights and remedies under the workmen's compensation law. of any state is ineffective and void in so far as its operation might interfere with the characteristic harmony and uniformity of the law maritime in its interstate and international relations.

It is earnestly urged by petitioner that the case at bar is within the doctrine of these decisions of the United States supreme court. In each of those cases the injury was re-

ceived in the course of an employment under a maritime
contract or while the injured servant was performing work
of an essentially maritime character. In the instant case
the injured employee was not engaged in the performance
of a maritime contract, nor were his services of a maritime
nature. **[1]** In determining whether a contract be mari-
time the test is, not locality, as in the case of torts, but
the subject matter of the contract—the nature of the work
to be done. (*Doey* v. *Clarence P. Howland Co.,* 224 N. Y.
30 [120 N. E. 53].) **[2]** A contract for the construction
of a vessel is nonmaritime and not within the admiralty
jurisdiction. (*Thames Towboat Co.* v. *Francis McDonald,*
254 U. S. 242 [65 L. Ed. 245, 41 Sup. Ct. Rep. 65];
*Grant Smith-Porter Ship Co.* v. *Rhode,* 257 U. S. 469
[66 L. Ed. 321, 42 Sup. Ct. Rep. 157].) Although the
uncompleted vessel upon which he was hurt was lying in
navigable waters, Toutain's services were not of a maritime
nature. Neither his general employment nor his activities
at the time had any direct relation to navigation or com-
merce. (*Grant Smith-Porter Ship Co.* v. *Rhode, supra.*)

Nothwithstanding Toutain's employment was nonmari-
time, petitioner, assuming that the injury was the result
of a maritime tort, argues that, because courts of admiralty
have jurisdiction of claims for damages growing out of
torts committed on navigable waters, it would destroy that
uniformity which the federal constitution was designed to
accomplish in matters maritime if our state workmen's
compensation law were applied to such an injury. We are
unable to agree with this contention. In our opinion this
case is controlled by the recent decision of the United
States supreme court in *Grant etc. Ship Co.* v. *Rhode,
supra*—a case wherein it was alleged that the employee re-
ceived his injuries as the result of a maritime tort, it
being alleged that he was hurt by reason of his employer's
negligence in constructing and maintaining a faulty scaf-
folding on a vessel afloat on navigable waters. In that case
Rhode, as libellant, brought a suit on the admiralty side
of the United States States district court to recover damages
for injuries sustained by him while at work as a carpenter
or joiner on a partially completed vessel lying at a dock
in the Willamette River in the state of Oregon. The un-
completed vessel was lying in navigable waters at the time

of the injuries. Negligence of the employer in the construction and maintenance of the scaffolding was alleged as ground for the recovery of damages. It was held that, though the general admiralty jurisdiction extends to a proceeding to recover damages resulting from a tort committed on a vessel lying on navigable waters within a state, nevertheless the exclusive features of the Oregon Workmen's Compensation Act are applicable to such a case, and that, therefore, the state statute abrogated the right to recover damages in an admiralty court which otherwise would have existed. In other words, it was held, in effect, that where the work is nonmaritime and is done pursuant to a nonmaritime contract, the rights and liabilities of the parties have no direct relation to navigation, and need not be measured by those rules of the sea the uniform operation of which is essential to any general system of maritime law; and that, therefore, in such cases, and notwithstanding that the work is done on navigable waters, the remedy afforded by a state Workmen's Compensation Act is the exclusive remedy, even though the injury may have been the result of the employer's maritime tort.

Because the Oregon Workmen's Compensation Act [Or. Laws 1913, p. 188] is an elective statute, giving to both employers and workmen the option to accept or reject its provisions, whereas our statute is compulsory, petitioner claims that the principle of the Rhode case is not applicable here. With this contention we find ourselves unable to agree. In the first place, we fail to see any ground for the assumption that the award under review here was based upon a tort, maritime or nonmaritime. Nowhere in the record is there the slightest hint that the injury was the result of any negligence or fault. To entitle Toutain to the compensation provided for by our Workmen's Compensation Act it was not necessary that there should be any wrongful act or omission. That act allows compensation for all injuries arising out of employment irrespective of negligence or fault. The payments provided for by the act are founded simply upon the injury, and are entirely disconnected with any theory of fault on the part of the employer or right on the part of the employee established by law prior to the passage of the act, save in instances of "serious and willful misconduct." The basic principle

of the act is that the cost of injuries incidental to modern industry should be treated as a part of the cost of production. That purpose is effected without the creation of a delictual liability. (*Doey* v. *Clarence etc. Co., supra; Berton* v. *Dry Dock Co.,* 219 Fed. 765. See, also, *Quong Ham Wah Co.* v. *Industrial Acc. Com.,* 184 Cal. 35 [11 A. L. R. 1190, 192 Pac. 1021].)

But as we understand the doctrine of the Rhode case, it matters not whether the injury be the result of a tort—a delictual omission or commission—or whether it happened without any fault on the part of the employer. Nor is it a matter of moment that the state Compensation Act be either elective or compulsory. Where, as in the Jensen, Walker, and Stewart cases, the servant is injured while performing work of a maritime nature, or while employed under a maritime contract, the parties must be deemed to have contracted with each other in contemplation of the general system of maritime law and with the knowledge that their respective rights and liabilities would be measured and defined by that law. [3] And since it was the design of the federal constitution to preserve a proper harmony and uniformity in the maritime law, it follows that where work is performed under a maritime contract no state has power to abolish the well-recognized maritime rules concerning the measure of recovery and substitute therefor the indemnity that is afforded by a Workmen's Compensation Act. [4] But where, as in the case before us, the contract of employment is nonmaritime, and the work is not of a maritime character, the workmen's compensation law fastens upon the relation of employer and employee the obligation to compensate for injuries received in the course of employment. (*North Alaska Salmon Co.* v. *Pillsbury,* 174 Cal. 1 [L. R. A. 1917E, 642, 162 Pac. 93]; *Quong Ham Wah Co.* v. *Industrial Acc. Com., supra.*) [5] The contract being nonmaritime, the parties must be deemed to have entered into it with the knowledge that the law has attached to their relation of master and servant an obligation to pay the statutory compensation for any injury which may be received in the course of the employment. In *Doey* v. *Clarence etc. Co., supra,* the New York court of appeals, speaking of the workmen's compensation law of that state, says that an

award under that law is made "upon the theory that the statute giving the commission power to make an award is read into and becomes a part of the contract." It is true that in no strict sense does the obligation of the employer to compensate the employee for injuries spring from the contract of employment as a contractual obligation. Ours is a compulsory statute, and the proposition that a compulsory statute is a contract has been definitely repudiated in this state. (*North Alaska Salmon Co.* v. *Pillsbury, supra.*) The liability imposed by the statute is in a class by itself. For want of a better term it may be described as *quasi ex contractu.* (*Quong Ham Wah Co.* v. *Industrial Acc. Com., supra.*) But though the parties do not contract to create the rights and liabilities which are prescribed by the statute, nevertheless, if their contract be nonmaritime, as in the instant case, there is no reason why it may not be deemed to have been entered into with reference to the state statute—with a knowledge that, to the relation of master and servant which is created by the contract, the law attaches, as an incident to that status, an obligation to compensate for injuries received in the course of the employment. This being so, the following excerpt from the Rhode case is applicable here: "In each of them [the Jensen, Stewart, and other decisions of the federal supreme court] the employment or contract was maritime in nature and the rights and liabilities of the parties were prescribed by general rules of maritime law essential to its proper harmony and uniformity. Here the parties contracted with reference to the state statute; their rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea whose uniformity is essential."

The award is affirmed.

Works, J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 12, 1922.

All the Justices concurred.