**SOUTHERN SURETY CO. et al. v. CRAW-
FORD et al. (No. 8634.)**

(Court of Civil Appeals of Texas. Galveston.
May 13, 1925.)

Admiralty ⇐21—Action against insurer for
death of deckhand on nonself-propelled
dredge, engaged in improvement of inland har-
bor channel, not exclusively within admiralty
jurisdiction of federal courts.

Action against insurer, doing business under
Workmen's Compensation Law of 1913, on pol-
icy for benefit of injured employees, for death
of deckhand on nonself-propelled dredge, en-
gaged in improvement of Texas inland harbor
channel *held* of such local nature as not to ma-
terially affect rules of sea, and therefore not ex-
clusively within admiralty jurisdiction of fed-
eral court.

Appeal from District Court, Galveston
County; J. C. Canty, Judge.

Action by Nina H. Crawford and others
against the Southern Surety Company and
others. Judgment for plaintiffs, and defend-
ants appeal. Affirmed.

Stewarts and Brantly Harris, both of Gal-
veston, and A. J. De Lange, of Houston, for
appellants.

Frank S. Anderson, of Galveston, for appel-
lees.

GRAVES, J. Appellees, as the heirs and
beneficiaries of Geo. Y. Crawford, who was
drowned by the capsizing of the ill-fated
dredge boat Houston in Texas City channel
August 17, 1915, recovered judgment herein
against appellants on their policy of insur-
ance to the Standard American Dredging
Company for the benefit of its employees,
whereby they agreed with the latter to pay to
the proper representatives of any of its em-
ployees who suffered death while in the
course of employment for it, as Crawford did,
the benefits and compensation specified in the
Texas Compensation Law of 1913 (Vernon's
Ann. Civ. St. Supp. 1918, arts. 5246—1 to
5246—91.

Appellants, conceding that the recovery
was proper under the pleadings and proof if
the trial court had jurisdiction of the cause,
assail the judgment on the sole ground that
the controversy was one exclusively within
the admiralty jurisdiction of the federal
courts, and seek a decree here so declaring.

We cannot accord it, regarding the question
foreclosed in this court by its decision the
other way in Southern Surety Co. v. Stubbs,
199 S. W. 343, and by its present conclusion,
after careful reconsideration of the matter,
that no sufficient reason has been assigned
for overturning that holding. The same hap-
pening and policy of insurance gave rise to
both cases, Stubbs and Crawford going down
together as fellow employees on the dredge

boat Houston, and being alike covered by the
insurance their employer had so taken out
with appellants. The conclusion arrived at in
the Stubbs Case was thus epitomized:

"As is elsewhere herein stated, this was not
a suit in personam against the owner of a ves-
sel to recover either upon a contract, or for
damages for a maritime or other character of
tort, but was upon an insurance contract against
an insurer, who voluntarily and for a valuable
consideration assumed the obligation to pay
compensation to the employé or his beneficia-
ries, upon the happening of an accidental injury
while in the course of his employment, and who
received the benefits of that contract in the
premiums paid it for carrying the risk. We
therefore think that, in these circumstances, its
claim that appellees mistook their forum cannot
be availed of."

Neither do we think the case of Southern
Pacific v. Jensen, 244 U. S. 205, 37 S. Ct.
524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann.
Cas. 1917E, 900, which we formerly reviewed,
nor the subsequent ones now first cited, such
as Knickerbocker Ice Co. v. Stewart, 253 U.
S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R.
1145; Grant, etc., Ship Co. v. Rohde, 257 U. S.
469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R.
1008; Western Fuel Co. v. Garcia, 257 U. S.
233, 42 S. Ct. 89, 66 L. Ed. 210; Chelentis v.
Luckenbach, 247 U. S. 372, 38 S. Ct. 501, 62 L.
Ed. 1171; State, etc., v. Nordenholt Corpora-
tion, 259 U. S. 263, 42 S. Ct. 473, 66 L. Ed.
933, 25 A. L. R. 1013; Peters v. Veasey, 251 U.
S. 121, 40 S. Ct. 65, 64 L. Ed. 180; Clyde S. S.
Co. v. Walker, 244 U. S. 255, 37 S. Ct. 545, 61
L. Ed. 1116; Great Lakes, etc., Co. v. Kiere-
jewski, 261 U. S. 479, 43 S. Ct. 418, 67 L.
Ed. 756—upon all of which appellants rely,
hold to a contrary doctrine when applied to
a parallel state of facts with those that rule
the cause at bar.

Here, under the unquestioned findings of
the trial court, the dredge was not a seagoing
vessel, nor even self-propelled, but had to be
towed everywhere; nor was it at the time of
this casualty mediately or immediately engag-
ed in navigation or commerce as such of any
nature, being then located up in the Texas City
channel in Galveston bay within Galveston
county, Tex., and actively at work dredg-
ing the channel at that local point.

Appellants were insurers doing business in
Texas, being authorized under our 1913
Workmen's Compensation Law to insure pay-
ment of the benefits therein designated to in-
jured employees (and their representatives in
case of death), and, in the regular course of
such business, the statute being a noncompul-
sory one for all concerned, voluntarily did so
in this instance by directly contracting with
the deceased's employer to pay those prescrib-
ed amounts for the benefit of the appellees,
in the event of just such an occurrence as ac-
tually ensued.

Accordingly, the appellees' suit is neither

one between the employer and employee, nor is it a proceeding against the vessel or its owners, but in its controlling features—while the pleadings contain other counts—is simply a common-law action upon a policy of insurance issued between others for the benefit of the appellees as third parties, having direct reference to the Texas compensation statute, and concerning an employment sustaining no direct relation to commerce of any sort, being essentially local in character.

The situation thus outlined differentiates this case from those cited as promulgating a different rule. Whatever may be the varying states of fact to which they may or may not be applicable, and manifestly the exigencies before this court do not require it to trace a line of continuity of decision through them, the gist of the holdings referred to is to reaffirm and to further develop the doctrine of the Jensen Case to the effect that, in such circumstances as here obtain, the jurisdiction of the state courts, if not itself exclusive as having to do with a subject-matter not maritime in character, is at least concurrent with that of the federal courts, the parties here having voluntarily—to quote from Grant, etc., Ship Co. v. Rohde, supra, a declaration of the United States Supreme Court—"contracted with reference to the state statute; their rights and liabilities had no direct relation to navigation, and the application of the local law cannot materially affect any rules of the sea whose uniformity is essential."

It would merely be a work of supererogation to specifically refer to the reiterated declarations of our highest court to the same effect in a number of the other cases cited, notably in Grant, etc., Ship Co. v. Rohde and State Industrial Commission v. Nordenholt.

The fact that the dredge was a floating one on navigable waters does not take this casualty out of the operation of the principle applied to these authorities, because the employment here—that of a deckhand on a non-self-propelled boat engaged in the improvement of a Texas inland harbor channel, even if maritime at all, is yet within their meaning, to be deemed of such a local nature as not to materially affect any rules of the sea whose uniformity is essential, and therefore cognizable by the state courts. The Lottawanna, 21 Wall. 558, 581, 22 L. Ed. 654; Leisy v. Hardin, 135 U. S. 100, 119, 10 S. Ct. 681, 34 L. Ed. 128; Hoof v. Pac. Amer. Fisheries (C. C. A.) 279 F. 367; The Richard Winslow, 71 F. 426, 428, 18 C. C. A. 344; Millers' Indemnity Underwriters v. Boudreaux (Tex. Civ. App.) 245 S. W. 1025; Id. (Tex. Com. App.) 261 S. W. 167; Lum. Recip. Ass'n v. Adcock (Tex. Civ. App.) 244 S. W. 645; Grant, etc., Ship Co. v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008.

While the subject is an interesting one, and its further pursuit might redound to the intellectual pleasure of the members of this court, the indulgence is foreborne, since the conclusions given are thought to determine the merits of the appeal.

The judgment of the court below has been affirmed.

Affirmed.