## UNITED STATES FIDELITY & GUARANTY CO. et al. v. LAWSON, Deputy Commissioner, et al.

District Court, S. D. Georgia.
March 18, 1936.

Abrahams, Bouhan, Atkinson & Lawrence, of Savannah, Ga., for plaintiff.

E. J. Haar, of Savannah, Ga., for defendant Mrs. Monson.

J. Saxton Daniel, U. S. Dist. Atty., of Savannah, Ga., for defendant Lawson.

BARRETT, District Judge.

This is a contest between the United States Fidelity & Guaranty Company, which is the insurer, of the Colonial Bunker Oil Company, both under the Georgia

Workmen's Compensation Act (Code 1933, § 114-101 et seq.) and the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.), and Mrs. Monson, the widow of the deceased, as to whether the insurance company shall pay the smaller amount authorized by the Georgia law or the larger amount authorized by the federal law.

Monson was employed by the Colonial Bunker Oil Company and was drowned on March 18, 1935. Notice of such drowning was given to the Board of Industrial Relations under the Georgia Compensation Act, and to the Deputy Commissioner under the federal act. The first formal claim was filed by the widow with Lawson, Deputy Commissioner, on March 27th. On March 28th, the Colonial Bunker Oil Company, co-operating with the insurance company, requested the Board of Industrial Relations to determine the matter under the Georgia Compensation Law. The chairman of the Board of Industrial Relations, Mr. Stanley, gave notice of the hearing to be had before him on April 10th.

At the opening of the hearing on April 10th, the following colloquy was had:

By Mr. Haar: "A claim has been filed in this case by Mrs. Nicy P. Monson, the wife and dependent of the deceased, with the U. S. Compensation Commission under the Longshoremen's and Harbor Workers' Act, and by our appearance today we, do not submit to the jurisdiction of the State Commission. The claim was not filed with this Commission by Mrs. Monson or anybody connected with Mrs. Monson's family."

By the Director: "The application, of course, was made by the employer and insurance carrier in the case."

By Mr. Atkinson: "We thought that if there was any question as to the jurisdiction of the case, we would go ahead and present what case we have here and you could hold it until some action was taken to determine what court did have jurisdiction."

By the Director: "Yes, we will do that and let the case take that trend."

Several of the witnesses were cross-examined by Mr. Haar, counsel for Mrs. Monson, and at the conclusion of the testimony the following colloquy was had:

By the Director: "I would like to get some briefs in this case."

By Mr. Haar: "I would like to have a little time, but about 10 days will be sufficient."

By the Director: "You gentlemen submit briefs to the Department within two weeks from this date."

By Mr. Haar: "I would like to say that in the event that jurisdiction in this case should be found with this Commission, we would then be privileged to submit further testimony."

By the Director: "I think you would be entitled to do that."

By Mr. Atkinson: "We agree that the case is compensable, the question is that of jurisdiction."

On May 1, 1935, Hal M. Stanley, director of the Board of Industrial Relations, made an award holding the "Colonial Bunker Oil Company, employer, and the United States Fidelity & Guaranty Company, insurance carrier," liable. The following portions of the award are interesting: "This case came on for hearing upon application of the employer and insurance carrier at Savannah, Chatham County, on April 10, 1935. When the case was called Ernest Haar, attorney for Mrs. Nicy P. Monson, widow of the deceased, stated that claim had been filed under the United States Longshoremen's and Harbor Workers' Act and contended that appearance before this Director was not an admission of jurisdiction under the Georgia Workmen's Compensation Act and that this hearing under the Georgia Workmen's Compensation Act was not brought upon application of either Mrs. Monson or anyone connected with her family. With this objection to jurisdiction noted the hearing proceeded."

Further: "Karl D. Monson, the deceased, was a carpenter employed by the Colonial Bunker Oil Company for such work as might be assigned to him by his employer, and a short time prior to his death had been engaged in widening the bridge and enlarging the cabin of a private yacht of some ten tons burden belonging individually to R. M. Demere, president of the Colonial Bunker Oil Company, and which was used by him as a pleasure craft."

Again:

"It was admitted by the insurance carrier and the employer that Monson's weekly wage was $18.46 and that the accident causing his death arose out of and in

the course of his employment. The only question, therefore, for determination is that of jurisdiction. This hearing was asked for by the employer and the insurance carrier as they had a right to do after the parties could not agree. There are three possible jurisdictions under which the case might fall, viz: Georgia Workmen's Compensation Act, Admiralty and the United States Longshoremen's and Harbor Workers' Act. We do not think that either of the latter two applies."

"First let us consider the applicability of the Longshoremen's and Harbor Workers' Act. Section 2 (3) [33 U.S.C.A. § 902 (3)] excludes as an employee 'a master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net.' And section 3 (1) [33 U.S.C.A. § 903 (1)] excludes from coverage under the law 'a master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net.' "

In the next paragraph of the award the argument is presented and the conclusion manifestly reached that Monson was in the employ of Demere because he was under the "control and supervision" of Demere. If he were not in the employ of Demere as master of the vessel, the above-quoted portions of the Longshoremen's Act would be entirely inapplicable. On the other hand, if he were in the employ of the Colonial Bunker Oil Company, as is admitted, he could not be in the employ of Demere, and if he were in the employ of Demere there is no evidence whatever that the insurance company would be liable. On the other hand, as it appears upon the investigation de novo before the judge of the District court, Demere did not have any insurance protection.

Again, the following statement inconsistent with the idea that Monson was in Demere's employ: "The Director finds as a matter of fact from the evidence adduced and from the legal inferences to be drawn therefrom that Monson met his death as a result of the accident which arose out of and in course of his employment for the Colonial Bunker Oil Company and concludes as matter of law that the claim is one falling within the jurisdiction of the Georgia Workmen's Compensation Act."

Again we find this in such award: "The widow, through her attorney, asked to introduce additional evidence provided the Director holds that this case is one coming under the Georgia Workmen's Compensation Act. No reason was shown to the Director why all evidence sought to be introduced could not have been introduced at the original hearing and why, if the dependents denied the jurisdiction of the State law, all evidence in regard to such denial was not introduced at that time. As the employer-insurance carrier admitted that the accident to Monson arose out of and in course of his employment and there was no dispute as to the wage, we fail to see just what can be accomplished by another hearing in this case. The application is therefore denied."

The substance of the evidence which lead Director Stanley to reach the conclusion that Monson was drowned by falling from the catwalk, which undeniably was a part of the dock, is that Monson stated to two of his fellow workmen a short while before he was missing that it was too windy to work on the yacht that day; that Monson did not have to keep his tools in the regular toolhouse, he being a somewhat privileged character, and that he was evidently on his way to the yacht to get his tools to do work on the land. It was stated as a part of the testimony, though no effect seems to have been given to it, that there was found in the water a boat hook that was a part of the equipment of the yacht. At this time it is appropriate to call attention to the fact that at the hearing before Deputy Commissioner Lawson, acting under the Longshoremen's Act, the additional testimony was presented by the widow of Monson to the effect that Monson carried with him from his home the morning of his death a saw, and that this saw was found on the yacht. The natural inquiry is as to why it should have been on the yacht unless he was going to work on the yacht. Further, it appeared that the work that was being done on the yacht had been covered by a tarpaulin; that the tools were not kept under the tarpaulin, and that the tarpaulin had been partially removed from over the work the morning of the drowning. Again, the natural inquiry is as to how this fact as well as the presence of the saw could fit in with the theory that there was no intention to do work on the yacht the day of the drowning.

Jurisdiction of the Board of Industrial Relations under the Georgia Compensation Act is based upon section 114-706 of the Code of Georgia 1933; the pertinent portions being: "If the employer and the injured employee or his dependents fail to reach an agreement in regard to compensation * * * either party may make application to the Department for a hearing in regard to the matters at issue and for a ruling thereon." It does not appear that there was any difference between the parties "in regard to compensation." The difference was, and this was made perfectly clear, as to jurisdiction, as is stated by the director, quoted above: "The only question therefore for determination is that of jurisdiction." While it is true, according to a quotation from the brief of the insurance company, that rule 21 of the Department of Industrial Relations of Georgia provides "The Commission may, of its own motion, order a hearing on a case in dispute," it is manifest that no action was taken under such rule, but jurisdiction was based wholly upon the application of the employer and the insurer.

After the hearing in this case by this court, at which time certain questions had been propounded by this court to Mr. Demere which made it in the opinion of the court clear, as then manifested, that Mr. Demere was not the employer at the time of the drowning, in the letter transmitting their brief, counsel for the employer and the insurance company say: "The Court's views as to employment seemed so strong as to foreclose discussion of that issue." Then follows in the letter citation of a number of authorities upon which such counsel had relied. Then followed in the brief the following:

"We have omitted from this brief any argument on the question of Monson's employment.

"We limit ourselves to a discussion of these questions:

"(1) Whether the award of the Board of Industrial Relations of Georgia is res judicata, and operates as a bar to the claim before the deputy commissioner.

"(2) Whether the matter was purely of local concern, and therefore by the terms of the Longshoremen's and Harbor Workers' Act federal jurisdiction excluded.

"No statement of fact is necessary here other than that relating to the plea of res judicata."

Findings of Fact.

1. Monson was engaged at work on the yacht Hoosier 6, and was in the employ of the Colonial Bunker Oil Company at the time of his death.

2. The amounts of liability, if liability exists, are correctly found by the Deputy Commissioner.

3. By stipulation it is provided that no double collection can be made, and that all payments made under the Georgia award shall be credited against any other liability.

Conclusions of Law.

1. The award of the Board of Industrial Relations of Georgia is not res judicata and does not operate as a bar to the claim before the Deputy Commissioner under the Longshoremen's and Harbor Workers' Compensation Act.

It is questionable whether res judicata is sufficiently plead. The language of the employer and insurer is: "Protests the jurisdiction of the United States Employees' Compensation Commission and pleads in bar of this proceeding the following facts." Then follow allegations of proceedings resulting in the state award, but not stating fully the colloquys quoted above. The particular reasons urged for recognizing the binding force of the state award are: (1) Under comity and (2) under the constitutional obligation to give "full faith and credit to * * * judicial proceedings of every other State." U.S.Constitution, art. 4, § 1.

If the doctrine of comity were applicable, it would have prevented the Board of Industrial Relations of Georgia from acting, for under that doctrine it is the court that first acquires jurisdiction that retains it, and in this case the claim was filed by a representative of the widow and children with the federal commissioner before the employer and insurer filed a request for fixing compensation with the Georgia director. But, the doctrine of comity is applicable only when a res is involved and not when the action is in personam, as is the case here. Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Penn Gen. Cas. Co. v. Pennsylvania ex

120

rel. Schnader, 294 U.S. 189, 195, 55. S.Ct. 386, 79 L.Ed. 850.

Prior to the award by the state director, not only had a claim been filed with the federal commissioner and he had commenced his investigation, but the employer and insurer and the state director had knowledge of this.

■ The full faith and credit provision is a rule of evidence rather than of jurisdiction. Wisconsin v. Pelican Ins. Co., 127 U.S. 265, 8 S.Ct. 1370, 32 L.Ed. 239; Anglo-American Provision Co. v. Davis Provision Co., 191 U.S. 373, 374, 24 S.Ct. 92, 48 L.Ed. 225.

The nearest approach to a plea of res judicata in paragraph 11 of the plea, as follows: "Under the facts recited, the United States Employees' Compensation Commission has no jurisdiction or right to proceed to hear the claim before it by the dependents of Karl N. D. Monson, deceased. The award of the Georgia Department of Industrial Relations, under the Georgia Workmen's Compensation Act, operates to divest this Commission of any right to hear and determine the alleged issues here pending, so long as it stands unreversed as the judgment in the case."

■ There are numerous authorities that when courts have concurrent jurisdiction and when jurisdiction depends upon a fact a party who pleads to such jurisdiction and suffers an adverse judgment is conclusively bound thereby. But in this case, in view of the colloquies quoted above, there was no such appearance or plea that would sustain a conclusive judgment. A fair interpretation of the first colloquy is that the attorney for the widow and children could cross-examine witnesses without thereby submitting to the jurisdiction or pleading it, and certain it is that counsel for the widow and children was justified in believing that under the language of the director he would be allowed "to submit further testimony," and yet this has been denied him.

■ It is true that an appeal was taken from the state award after the award of the federal commissioner, but there have been no further proceedings nor any other award or judgment, and it is generally held that under such conditions the taking of an appeal does not validate the previous proceedings. Ann.Cas.1912D, p. 411, note.

■ But this is not a case of concurrent jurisdiction. The case arises out of legislative acts of two different sovereignties, each acting in its own territory. Georgia legislates only as to matters arising on the land, and claims no other jurisdiction; Congress legislates as to matters arising on the water, and claims no other jurisdiction. If the insistence of the employer and insurer be sound, the anomaly would be presented of the United States acquiescing in the determination of the jurisdiction of its tribunal by another sovereignty. Reason and authority forbid. Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A.1918C, 451, Ann.Cas. 1917E, 900; Clyde S. S. Co. v. Walker, 244 U.S. 255, 37 S.Ct. 545, 61 L.Ed. 1116; Nogueira v. N. Y., N. H. & H. Railroad Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754.

■ A federal court cannot refuse to exercise its jurisdiction. Chicot County v. Sherwood, 148 U.S. 529, 534, 13 S.Ct. 695, 37 L.Ed. 546; McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762. "Proceedings under state compensation act for compensation to one injured in maritime employment on navigable waterway of United States were absolutely void." Great Lakes Dredge & Dock Co. v. Brown (D.C.) 47 F.(2d) 265 (head note 5).

Doey v. Clarence P. Howland Co., 224 N.Y. 30, 120 N.E. 53. The Deputy Commissioner in his award cites two cases (to which we have not access); Jenkins v. T. Hogan & Sons, 177 App.Div. 36, 163 N.Y.S. 707, to the effect that the acceptance of compensation under a New Jersey award did not affect the New York award except as a set-off, and Gilbert v. DesLaurier's Column Mould Co., 180 App. Div. 59, 167 N.Y.S. 274, 275, and in such award quotes from the latter case as follows: "The claim that the New Jersey Commission, having accepted jurisdiction and administered upon this claim, deprived the Commission of the state of New York of jurisdiction is, we believe, without force. It is doubtful if the New Jersey Commission ever had any jurisdiction of the case."

If a court has not jurisdiction of the subject-matter (in this case rights under the Longshoremen's and Harbor Workers' Act), jurisdiction cannot be given or

waived by appearance, stipulation, or even accepting compensation.

"An objection to jurisdiction, on the ground of exemption from the process of the court in which the suit is brought, or the manner in which a defendant is brought into it, is waived, by appearance and pleading to issue; but when the objection goes to the power of the court over the parties, or the subject-matter, the defendant need not, for he cannot, give the plaintiff a better writ or bill." State of Rhode Island v. Commonwealth of Massachusetts, 12 Pet.(37 U.S.) 657, 9 L.Ed. 1233 (head note 3).

"Where, although the federal courts had exclusive jurisdiction over a claim for employee's death occurring in performance of a maritime contract, the State Industrial Commission assumed to make an award therefor under the Workmen's Compensation Law, the fact that both employer and insurance carrier acquiesced in the award to the extent that certain payments were made thereunder, and no appeal was taken therefrom, did not estop them thereafter from questioning the commission's jurisdiction; the award being a nullity." Doey v. Clarence P. Howland Company, supra (head note 7).

"It is also argued that the appellant by appearing before the Industrial Commission waived his right to object to the jurisdiction of the commission. If the Industrial Commission had no jurisdiction of the subject-matter, which is the question here involved, there being no claim that the employee had accepted the provisions of the act as amended, the parties could not even by stipulation confer jurisdiction." Waldum v. Lake Superior, etc., Ry. Co., 169 Wis. 137, 170 N.W. 729, 734.

"Injured employee's agreement, in consideration of continued payment under state compensation law, to release other claims, held invalid as to compensation under federal statute." Great Lakes Dredge, etc., Co. v. Brown, supra (head note 1).

"After jurisdiction of commissioner is invoked and claim is pending before him, accord and satisfaction between parties is unlawful. * * *

"Insurer's payment of sum to longshoreman 'in full settlement of all past, present, and future claims' held not to bar award, notwithstanding claims examiner's notice." Lumber Mut. Casualty Ins. Co. v. Locke (C.C.A.) 60 F.(2d) 35 (head notes 4 and 5).

■ If the award of the state tribunal is conclusive by reason of the voluntary appearance of the claimant, if such appearance has been made, why could she not be equally conclusively bound if she were notified of the hearing and did not appear? Without any reflection on the actions in this case, would not the upholding of the contention of the employer and carrier result in unseemly expedition on the part of parties at interest to have one tribunal act rather than the other?

Additional reason why the award of the Georgia director is not res judicata to the claim before the court are:

There is no identity of the causes of action. The necessity for this is undoubted and the test is as to whether it would require the same testimony. As soon as that is applied, it is found that the testimony to sustain the Georgia award must be that the drowning occurred from the land, whereas the testimony necessary to sustain the cause before this court must be that the drowning had been from the vessel.

Further, there is no final judgment on the award. "The proceeding being still in fieri when the Minnesota case (Schendel v. Chicago, R. I. & P. R. Co., 163 Minn. 460, 204 N.W. 552) was tried and determined, the doctrine of res judicata is not applicable. There must be a final judgment. Bigelow on Estoppel (6th Ed.) p. 64; Webb v. Buckelew et al., 82 N.Y. 555, 559, 560."

Chicago, R. I. & P. Ry. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 425, 70 L.Ed. 757, 53 A.L.R. 1265; the seventh headnote of this case on page 612 of 270 U.S., 46 S.Ct. 420, being as follows: "A decision fixing compensation, under the Iowa statute, made by the Deputy Industrial Commissioner, acting by stipulation in lieu of a board of arbitration, but pending on appeal to the Commissioner, is not final, and could not be invoked as an estoppel in another action."

The award itself is not a judgment, but a judgment could be obtained on motion under the Georgia act. This has not been asked for. But it is not final in any sense, for the reason either that the agreement made by the director as shown by the above colloquy keeps the case open for further testimony or the appeal which has been entered prevents

the award being final, or possibly both contribute to the same result.

█ 2. The matter was not purely of local concern, but the work in which Monson was engaged at the time of his death came under the provision of the Longshoremen's and Harbor Workers' Act. It is not deemed necessary to cite authorities to sustain this conclusion as set forth.

The result is that the prayer for the injunction is denied and the award of Lawson, Commissioner, is sustained.

█ In order that the stipulation to the effect that there should be no double payments carried into effect, it is further ordered that all payments that have been made or that may be made under the so-called award of the director under the Georgia law shall be credited upon the amounts that are now owing or will come to be owing under the Longshoremen's Act.