## KIEREJEWSKI v. GREAT LAKES DREDGE & DOCK CO.

(District Court, W. D. New York. November 26, 1921.)

No. 2127.

1. Death ⬤39—Right of action under federal act accrues on appointment of administrator.

Under the provision of Employers' Liability Act, § 6 (Comp. St. § 8662), requiring an action thereunder to be commenced "within two years from the day the cause of action accrued," a right of action for the death of an employé does not accrue until the appointment of an administrator who may maintain the action.

2. Seamen ⬤29(5)—Action at law for death held maintainable under Seamen's Act.

An administratrix appointed in 1921 for the estate of a seaman who died in 1919 *held* entitled to maintain an action at law for his death under the provisions of Seamen's Act, § 20 (Comp. St. § 8337a), as amended by Act June 5, 1920, § 33.

At law. Action by Sophia Kierejewski, administratrix of the estate of Leo Kierejewski, against the Great Lakes Dredge & Dock Company. On motion to amend complaint. Granted.

Matthew W. Bennett, of Buffalo, N. Y. (Irving W. Cole, of Buffalo, N. Y., of counsel), for plaintiff.

Ulysses S. Thomas, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. [1] The plaintiff must show that her cause of action was brought within two years from the time of the accrual of the cause of action, and, under section 6 of the federal Employers' Liability Act (Comp. St. § 8662), an action does not accrue from the date of the death, but from the date of the appointment as administratrix. American R. Co. v. Coronas, 230 Fed. 545, 144 C. C. A. 599, L. R. A. 1916E, 1095. That decision is based upon the view that the right of action by the personal representative of the deceased does not spring from the act of negligence by which the employee was killed, but arises from the pecuniary loss or damages sustained by the beneficiaries in consequence of the death. It is not required in the statute that such an action be brought within two years of the death, and manifestly there must first be appointed a representative of the beneficiaries before an action may properly be brought. Sanford v. Sanford, 62 N. Y. 553.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] Plaintiff's proposed amendment to the complaint is founded on the Act of Congress of June 5, 1920, c. 250, § 33 (41 Stat. 1007), which confers the right on seamen who suffer personal injury in the course of their employment, or their representatives in case of death, to maintain an action at law, with the right of trial by jury, and the right to the personal representative to have applied the Railway Federal Employers' Liability Act.

Defendant's contention, that action under this provision is barred on the ground that the act is not retrospective or retroactive, is not maintainable, since it appears that the intestate died on April 24, 1919, and plaintiff was not appointed administratrix until March 7, 1921; the action being begun on April 16 following. Hence it is unnecessary to determine whether the Merchant Seamen's Act in question was retroactive or not. The action was commenced within the limited period and after the passage of the act establishing the remedy invoked by the proposed amendment to the complaint. It may, however, turn out at the trial that the submission to the jury of defendant's liability should be on one of the two causes of action only, upon either the common-law liability or exclusively under the statutory Seamen's Act (Comp. St. § 8337a).

The question wholly depends upon the proofs as to whether the deceased was injured while employed in the capacity of a seaman or not. It is even conceivable that the jury may be called upon to determine the issues of both causes of action, but any questions with relation to severing the causes of action or their submission to the jury are reserved to the trial. I think plaintiff has a right to amend her complaint by including the second cause of action.

So ordered.