GREAT LAKES DREDGE & DOCK COMPANY *v.* KIEREJEWSKI, ADMINISTRATRIX OF KIERE-JEWSKI.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NEW YORK.

No. 633. Argued February 27, 1923.—Decided April 9, 1923.

The District Court has admiralty jurisdiction over a libel to recover damages, in accordance with a local death statute, for a death occurring on navigable waters while the decedent was there performing maritime service to a completed vessel afloat, and occasioned by a tort then and there committed. P. 480.

Affirmed.

ERROR to a judgment of the District Court recovered by the defendant in error in her libel for damages for the death of her husand.

*Mr. George Clinton, Jr.,* with whom *Mr. Ulysses S. Thomas* was on the briefs, for plaintiff in error.

*Mr. Irving W. Cole* for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The sole question propounded upon this direct writ of error is whether the District Court rightly held that it had jurisdiction to entertain the libel by which defendant in error sought to recover damages for the death of her husband. 280 Fed. 125.

Plaintiff in error, a corporation engaged in dredging, pile driving, etc., maintains a yard at Buffalo, New York, and also keeps there scows and tugs. Leo Kierejewski, a master boiler maker, was employed by it to perform services as called upon. Acting under this employment, he began to make repairs upon a scow moored in the navigable waters of Buffalo River. He stood upon a scaffold resting upon a float alongside. One of the Company's tugs came near, negligently agitated the water, swamped the float and precipitated him into the stream where he drowned.

While performing maritime service to a completed vessel afloat, he came to his death upon navigable waters as the result of a tort there committed. The rules of the maritime law supplemented by the local death statute applied and fixed the rights and liabilities of the parties. *Western Fuel Co.* v. *Garcia,* 257 U. S. 233.

"The general doctrine that in contract matters admiralty jurisdiction depends upon the nature of the transaction and in tort matters upon the locality, has been so frequently asserted by this court that it must now be treated as settled." *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469, 476.

In the cause last cited neither Rohde's general employment nor his activities had any direct relation to naviga-

tion or commerce—the matter was purely local—and we were of opinion that application of the state statute, as between the parties, would not work material prejudice to any characteristic feature of the general maritime law or interfere with its proper harmony or uniformity.

Here the circumstances are very different. Not only was the tort committed and effective on navigable waters, but the rights and liabilities of the parties are matters which have direct relation to navigation and commerce. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205; *Carlisle Packing Co.* v. *Sandanger,* 259 U. S. 255; *State Industrial Commission of New York* v. *Nordenholt Corporation,* 259 U. S. 263.

*Affirmed.*