No. 9000
Orleans

SARAH WHITE JONES, Appellant v.
CRESCENT CITY ICE MANFG. CO.

(October 12, 1925, Opinion and Decree)
(November 2, 1925, Rehearing Refused)

(*Syllabus by the Court*)

1. **Louisiana Digest—Master and Servant—Par. 160 (e), 160 (i).**

When the District Court is without jurisdiction of a case, ratione materiæ, the judgment rendered by it is a nullity and may be attacked at any time and under all circumstances.

2. **Louisiana Digest—Master and Servant—Par. 154, 156.**

The state courts of Louisiana have no jurisdiction of an action brought under the Employers' Liability Act No. 20 of 1914 when plaintiff sustained injuries while employed on a ship.

Appeal from Civil District Court, Division "F". Hon. Percy Saint, Judge.

This is a suit for compensation brought by an injured employee under the Workmen's Compensation Law, Act No. 20 of 1914.

There was judgment for plaintiff and defendant appealed.

Judgment reversed for the want of jurisdiction of the state court.

J. A. Morales, of New Orleans, attorney for plaintiff, appellant.

J. C. Henriques, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit under the Employers' Liability Act.

The plaintiff alleges that Warren Beasley was employed by the defendant to drive motor trucks from its plants to various sections of the city, also to load and unload large blocks of ice; that on October 14, 1921, he was directed to carry a load of ice and to deliver same to the ship "Garry", and that while so engaged upon the ship unloading the ice into the bunkers of said ship one of the blocks of ice fell upon him injuring him so severely that he died on December 3, 1921; that the said Beasley left as only heir his minor son, Eleck Beasley, to whom petitioner was appointed as tutrix; that under the law said minor is entitled to compensation for the death of his father.

Plaintiff prays for judgment for $1990.00.

The defendant excepted to plaintiff's petition on the ground that the Civil District Court had no jurisdiction of this claim *ratione materiae*. It also filed an answer on the merits.

The case was tried upon the exception and merits, and judgment was rendered in favor of the defendant upon the ground that the accident did not happen to the deceased during the course of his employment.

In this court the defendant insists upon his exception of want of jurisdiction. We are bound to notice the exception, for if the District Court was without jurisdiction of the case then the judgment rendered by it was a nullity and could be attacked at any time and under all circumstances. Flanagan vs. Land Development Co., 145 La. 843, 849, 83 South. 39; No. 9802 Orl. App.

In the case of Messel vs. Foundation Co., No. 8831 Orleans Appeal, this court decided on February 2, 1925, after a full review and citations of cases decided by this court and by the Supreme Court of this state and of the United States, which it would be a work of supererogation to repeat, that the state courts of Louisiana had no jurisdiction of an action brought under the Employers' Liability Act of 1914 when plaintiff sustained injuries while employed on a ship. See Nos. 8772 and 9095 of this court.

Krerejinski vs. Great Lakes, 67 L. Ed. 756; Washington vs. Dawson, 68 L. Ed. 646.

We see no reason or authority to recede

from these opinions.

The judgment of the District Court· upon the merits is therefore a nullity and must be reversed.

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that plaintiff's suit be dismissed for want of jurisdiction, the costs of the District Court to be paid by the plaintiff and the costs of appeal to be paid by the defendant.

## ON PETITION FOR REHEARING

The judgment herein is amended by condemning the plaintiff to pay costs of both courts, and as thus amended the rehearing is refused.