## PERKINS v. UNITED STATES FIDELITY & GUARANTY CO.   (No. 820–4857.)

Commission of Appeals of Texas, Section B.
Oct. 26, 1927.

**I. Admiralty ⬳20—Employee, injured while loading vessel in navigable river with lumber for exportation, cannot recover in state courts.**

State courts *held* to have no jurisdiction over action to set aside award of Industrial Accident Board in which employee filed cross-bill for injuries sustained while loading vessel in navigable river with lumber for exportation, since admiralty courts have exclusive jurisdiction over such cases.

**2. Courts ⬳24, 37(3)—Parties cannot confer jurisdiction of subject-matter on court by consent or estoppel.**

Parties to an action cannot confer jurisdiction of subject-matter on court by consent or estoppel.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Admiralty** ⊂⊃**25—Insurer, by making payments to injured employee, did not adopt state law and waive right to object to jurisdiction of state courts over case of which admiralty courts had exclusive jurisdiction.**

Workmen's compensation insurance company, by voluntarily making payments to employee injured while loading vessel in navigable river with lumber for exportation, did not adopt state law as governing case and waive right to object to jurisdiction of state courts over case of which admiralty courts had exclusive jurisdiction.

**4. Courts** ⊂⊃**37(1)—Workmen's compensation insurer, by asking district court to annul Accident Board's award to employee, did not waive right to object to court's jurisdiction (Workmen's Compensation Act).**

Workmen's compensation insurance company by going into district court and asking for annulment of Industrial Accident Board's award in favor of employee, injured while loading vessel in navigable river with lumber for exportation, did not waive right to object to that court's jurisdiction, where, after employee pleaded cross-bill, insurer pleaded that court had no jurisdiction, since under Compensation Act (Rev. St. 1925, arts. 8306–8309) no other court was open to company.

**5. Courts** ⊂⊃**21—Agreement stating that amount involved was within court's jurisdiction, and that parties were there to try all matters involved, was not agreement that court had general jurisdiction of case.**

Where workmen's compensation insurance carrier, suing to set aside award, had filed plea to jurisdiction to defendant's cross-bill, agreement for purpose of facilitating trial, stating that amount involved was within jurisdiction of district court, and that parties were there to try all matters and things involved therein, was not agreement that district court had general jurisdiction of case involving injuries to employee while loading vessel in navigable river with lumber for exportation, since one of matters involved was plea to jurisdiction.

**6. Trial** ⊂⊃**178—Court instructing verdict exercises jurisdiction on merits of matter.**

Court in instructing verdict exercises jurisdiction on merits of matter.

**7. Dismissal and nonsuit** ⊂⊃**55—Where insurer sued to set aside award of board to injured employee and defendant filed cross-bill, court, having no jurisdiction of subject-matter, could only dismiss action.**

Where insurance company sued in district court to set aside award of board to one injured while loading vessel in navigable river with lumber for exportation, and defendant employee filed cross-bill, court, upon discovering lack of jurisdiction, under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), of subject-matter, had authority only to dismiss action.

**8. Appeal and error** ⊂⊃**20—Where trial court had no jurisdiction of subject-matter, jurisdiction of appellate court extends no further as to merits of case than that of trial court.**

Where trial court has no jurisdiction of subject-matter, appellate court does have ju-risdiction upon complying with statutes as to appeal, but its jurisdiction extends no further as to merits of case than that of trial court.

**9. Appeal and error** ⊂⊃**20 — Court of Civil Appeals, holding that district court had no jurisdiction of subject-matter of action involving injuries to one loading vessel, should have dismissed cause.**

Court of Civil Appeals, after holding that district court had no jurisdiction of action by insurance carrier to set aside award of industrial accident board to employee, injured while loading vessel in navigable river with lumber for exportation, in which defendant filed cross-bill, erred in reversing case and rendering judgment for appellant, since it should have dismissed cause in its entirety.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by the United States Fidelity & Guaranty Company against E. D. Perkins to set aside an award of the Industrial Accident Board, in which defendant filed a cross-bill. Judgment for defendant was reversed and rendered by the Court of Civil Appeals (293 S. W. 675), and defendant brings error. Judgments of district court and Court of Civil Appeals both reversed and rendered.

Dies, Stephenson & Dies, of Orange, for plaintiff in error.

Hunt & Teagle, of Houston, for defendant in error.

POWELL, P. J. The Court of Civil Appeals makes the following statement of the case:

"Appellant brought this suit in the district court of Orange county, Tex., to set aside an award made by the Industrial Accident Board of this state in favor of appellee, upon a claim filed before said board by appellee for compensation under the Employer's Liability Act of this state. * * *

"Appellee answered and filed his cross-bill, setting up the usual allegations necessary to recover under the Workmen's Compensation Act.

"Appellant replied by supplemental petition, excepting to the jurisdiction of the court on the ground that the injuries were maritime in their nature and cognizable only by the United States courts, that the Texas Workmen's Compensation statutes had no application, and therefore the court was without jurisdiction of the subject-matter.

"To this plea appellee replied that appellant was estopped to challenge the court's jurisdiction, because it had invoked the jurisdiction of the court to set aside a final award of the Industrial Accident Board of the state of Texas, and that, after filing the suit in the district court, it had appeared from time to time and filed additional pleadings, had agreed to a setting of the case for trial, and had entered into an agreement with appellee 'that the amount involved in said award is sufficient to give the district court of Orange county, Tex., jurisdiction of this action, and both parties are now properly before this court for adjudication of

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

all matters and things involved herein,' which agreement was filed in court, and further because, after appellee had received his injuries, appellant had acknowledged its liability and paid compensation, and had never asserted that the Industrial Accident Board did not have jurisdiction to determine the rights of the parties, in no wise excepting to said board's jurisdiction when the matter was pending before said board, although appellant was at all times in possession of all the facts relating to the injuries and the nature of the work engaged in by appellee at the time of the injury, and denied that the action was one exclusively within the jurisdiction of the admiralty courts.

"The case was tried to a jury upon special issues, which they answered in favor of appellee, and judgment was rendered in his favor for $1,886.66, less the sum of $760, which had theretofore been paid him by appellant, and further judgment for the sum of $20 per week for the remainder of the term of 401 weeks, from which judgment this appeal is taken."

That court reversed the judgment of the trial court and rendered judgment for the appellant. 293 S. W. 675. It sustained assignments of error complaining of the refusal of the trial court to instruct a verdict for the insurance company, saying:

"The refusal of the instruction was error. The undisputed facts showed that appellee, at the time he received his injuries, was engaged in the performance of a contract which was maritime in its nature, and hence the rights and liabilities of the parties were clearly matters within the admiralty jurisdiction; wherefore the Employers' Liability Act of this state has no application to the claim asserted by appellee here. South Pac. Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L.·R. A. 1918C, 451, Ann. Cas. 1917E, 900; Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145; State v. Dawson, 264 U. S. 219, 44 S. Ct. 302, 68 L. Ed. 646; Bell v. Southern Casualty Co. (Tex. Civ. App.) 267 S. W. 531; Southern Casualty Co. v. Henry (Tex. Civ. App.) 276 S. W. 336."

The plaintiff in error, in his application for the writ, complains of the last-quoted holding of the Court of Civil Appeals in his first assignment of error, as follows:

"First: The honorable Court of Civil Appeals erred in holding that the appellant did not, by its acts and conduct, adopt the Workmen's Compensation Law of Texas as its measure of rights and liabilities and thereby estop itself from asserting lack of jurisdiction of the district court of Orange county on account of the injuries complained of by appellee, which were received by him while engaged in work in the hold of a ship engaged in maritime commerce."

The controlling question in this case is whether the Court of Civil Appeals correctly held, under the facts in this record, that this injury was not within the jurisdiction of the state courts. In discussing this question, we think it helpful to determine whether or not, *ordinarily speaking*, one injured under circumstances which surrounded Perkins could recover under a state Compensation Act. If we shall show that one injured as Perkins was would be relegated to the admiralty courts, then it becomes important to determine whether or not defendant in error has waived its right to plead lack of jurisdiction in the state courts. Let us *first* consider the first question just mentioned.

We have already quoted the holding of the Court of Civil Appeals upon this point. That court sets out the *relevant facts*, as follows:

"The facts are: Perkins was employed by Pickett Jones in the loading of a vessel in the Sabine river, at Orange, Tex. While engaged in such work in the hold of the vessel, he was struck by a timber that was being lowered into the hold of the vessel, and sustained the injuries complained of. The vessel was what is known as a British tramp steamer, and was being loaded with lumber for exportation. The Sabine river is a navigable stream, connecting with the Gulf of Mexico, through Sabine Pass."

Reading the application, it would seem to be conceded that, unless the defendant in error herein waived its right to attack the jurisdiction of the state court, such plea would be good. But, as we read the application more in detail, and especially the argument therein and the cases cited, it is clear that counsel for Perkins entertained some doubt that the admiralty courts have *exclusive* jurisdiction of a case of this kind. In this contention, we think they are in error. The cases cited by the Court of Civil Appeals are exactly in point on the facts. The holdings therein are clear. The authorities cited include not only the decisions of the United States Supreme Court, but two recent Texas cases. In one of the latter a writ of error was refused by the Supreme Court. It seems that there was no application in the second case. In these two Texas cases, the injured party was engaged in the same kind of work as was Perkins, and it was held that there could be no recovery in those two cases under our Compensation Act (Rev. St. 1925, arts. 8306–8309).

Counsel for Perkins allude to the case of Lindberg v. Southern Casualty Company (D. C.) 15 F. (2d) 54. In that case, Judge Hutcheson of Houston held that the claimant was entitled to recover under the Louisiana Compensation Act (Act No. 20 of 1914, as amended). In discussing the facts surrounding the injured party in that case, the court said:

"The facts here make the case even more clearly one of local law. While there was deep water around the dredge and the channel she was digging was intended to be navigated when finished, she was in fact merely eating her way over land from the Sabine river to Lake Charles, La., to create a navigable channel."

The court, in the Lindberg Case, supra, expresses a lack of sympathy with the opinion of the United States Supreme Court in the

Dawson Case. We quote from his opinion as follows:

"While on the general proposition my view of the matter is that expressed by Mr. Justice Brandeis in his dissenting opinion in Washington v. Dawson, 264 U. S. 219, 44 S. Ct. 302, 68 L. Ed. 646, especially in that part of it which constitutes a most admirable contribution to the science of the law, beginning at page 235 of 264 U. S. (44 S. Ct. 302) to the end, and so feeling I would let my mind be bold to find an exception here, it is not necessary for me to do so, for the Supreme Court of the United States, in its slow but inevitable back trek has already made the exception in refusing writ of certiorari ([270 U. S. 655] 46 S. Ct. 353 [70 L. Ed. 783]) in Southern Surety Co. v. Crawford (Tex. Civ. App.) 274 S. W. 280, and in affirming the Supreme Court of Texas in Miller's Indemnity Underwriters v. Braud, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470, 1926 A. M. C. 310, in the one case holding that a dredgeman on a dredge in an inland harbor channel, while subject to admiralty jurisdiction, could contract with his employer and obtain the benefit of the Workmen's Compensation Act, and in the other that a driver on a floating barge, on the navigable Sabine river, while subject to admiralty jurisdiction, yet might obtain the benefit of the Workmen's Compensation Act of the state of Texas (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), because the matter was local, and its control by the statutes of the state as to compensation would work no material prejudice to the general maritime law."

In the Dawson Case, Judge Brandeis dissenting, the federal Supreme Court held unconstitutional an act of Congress which was intended to permit men, situated as Perkins in the case at bar, to recover under the Compensation Acts of the various states. The court said that Congress, alone, could pass a uniform Employers' Liability Act which would protect such workmen; that Congress could not delegate power to the several states to do so. In the Dawson Case, it was clearly and distinctly held that one injured as Perkins was could not recover under a state Compensation Act.

Judge Hutcheson refers, in aforesaid quotation, to the case of Millers' Indemnity Underwriters v. Braud, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470. That is one of the very latest expressions of that Supreme Court upon this subject. We quote from its unanimous opinion as follows:

"This subject was much considered in Grant Smith-Porter Co. v. Rohde, 257 U. S. 469, 477 [42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008] —here on certificate—which arose out of injuries suffered by a carpenter while at work upon an uncompleted vessel lying in navigable waters within the state of Oregon. The words of the local statute applied to the employment and prescribed an exclusive remedy. We said the cause was controlled by the principle that, as to certain local matters regulation of which would work no material prejudice to the general maritime law, the rules of the latter may be modified or supplemented by state statutes.

And we held that under the circumstances disclosed 'regulation of the rights, obligations, and consequent liabilities of the parties, as between themselves, by a local rule would not necessarily work material prejudice to any characteristic feature of the general maritime law, or interfere with the proper harmony or uniformity of that law in its international or interstate relations.' "

In concluding its opinion in the Braud Case, the court said:

"In the cause now under consideration the record discloses facts sufficient to show a maritime tort to which the general admiralty jurisdiction would extend save for the provisions of the state Compensation Act; but the matter is of mere local concern and its regulation by the state will work no material prejudice to any characteristic feature of the general maritime law. The act prescribes the only remedy; its exclusive features abrogate the right to resort to the admiralty court which otherwise would exist.

"We had occasion to consider matters which were not of mere local concern because of their special relation to commerce and navigation, and held them beyond the regulatory power of the state, in Great Lakes Dredge & Dock Co. v. Kierejewski, 261 U. S. 479 [43 S. Ct. 418, 67 L. Ed. 756]; Washington v. Dawson & Co., 264 U. S. 219 [44 S. Ct. 302, 68 L. Ed. 646]; Gonsalves v. Morse Dry Dock Co., 266 U. S. 171 [45 S. Ct. 39, 69 L. Ed. 228]; and Robins Dry Dock Co. v. Dahl, 266 U. S. 449, 457 [45 S. Ct. 157, 69 L. Ed. 372]."

So, in this very recent case, the court adhered to its doctrine announced in the Dawson Case (264 U. S. 219, 44 S. Ct. 302, 68 L. Ed. 646), under which one injured as Perkins was could not recover under a state Compensation Act.

In the Dawson Case, the court went on to say:

"Industrial Commission v. Nordenholt Co. [259 U. S. 263, 42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013] related to a claim based upon death which resulted from injuries received by the longshoreman while on the dock—a matter never within the admiralty jurisdiction."

We have cited these cases to show facts which the federal Supreme Court has considered as being of purely local bearing, and, therefore, subject to state regulation. But, that court has never, for one moment, abandoned its holding that one in the hold of a seagoing vessel engaged in international commerce, and injured while assisting in loading its cargo, was in the exclusive jurisdiction of the admiralty courts. And, in the case of Dock Co. v. Kierejewski, 261 U. S. 479, 43 S. Ct. 418, 67 L. Ed. 756, the injured party was hurt while making repairs upon a "completed vessel afloat." Under those circumstances, the court held:

"Here the circumstances are very different. Not only was the tort committed and effective on navigable waters, but the rights and liabilities of the parties are matters which have di-

rect relation to navigation and commerce. Southern Pacific Co. v. Jensen, 244 U. S. 205 [37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Carlisle Packing Co. v. Sandanger, 259 U. S. 255 [42 S. Ct. 475, 66 L. Ed. 927]; State Industrial Commission of New York v. Nordenholt Corporation, 259 U. S. 263 [42 S. Ct. 473, 66 L. Ed. 933, 25 A. L. R. 1013]."

A case very similar to the one from which we have last quoted is that of Messel v. Foundation Co., 47 S. Ct. 695, 71 L. Ed. ——. In this case, Chief Justice Taft delivered the opinion of the court. The decision was rendered May 31, 1927, and the Jensen and Dawson Cases were once more approved. And, in the Messel Case, the injured party was engaged in repairing a smokestack on a seagoing vessel. In concluding his opinion, the learned Chief Justice said:

"The principles applicable to Messel's recovery, should he have one, must be limited to those which the admiralty law of the United States prescribes, including the applicable section of the federal Employer's Liability Act (June 5, 1920), incorporated in the maritime law" by Act June 5, 1920, § 33, c. 250, 41 Stat. 988, 1007 (46 USCA § 688; Comp. St. § 8337a).

[1] Therefore, it is perfectly clear that the authorities relied upon by the Court of Civil Appeals are still the law in the Texas and federal courts, and that the state courts have no jurisdiction over the instant case, unless it can be said that the defendant in error has waived its right to insist upon its jurisdictional plea. Has it done so? Let us now consider this contention.

[2] It seems almost elementary to us that counsel for the defendant in error are correct in their statement of the law, as follows:

"Parties to an action cannot confer jurisdiction of the subject-matter on the court by consent or estoppel. If the court has not jurisdiction of the subject-matter, an agreement would be a nullity and unenforceable."

In support of the rule it proposes, defendant in error cites the following authorities: 15 C. J. 802, § 101; Trinity Life Association v. Love, 102 Tex. 277, 115 S. W. 26, 116 S. W. 1139; York v. State, 73 Tex. 651, 11 S. W. 869; Josey v. Masters (Tex. Civ. App.) 179 S. W. 1134.

It certainly would not do to say that parties can estop the courts from asserting their own jurisdiction with reference to subject-matter. If litigants could confer jurisdiction of subject-matter upon the courts by consent, some courts might be overloaded, whereas others might find themselves without work. It is easy to see that such a course would lead us into interminable confusion.

But, counsel for Perkins say that the defendant in error has agreed that the Texas Compensation Act was to be the guide in governing this case. In the first place, it may be seriously doubted if any party to a contract or suit could, by agreement, oust the exclusive jurisdiction of the federal courts over a case arising under a state of facts which places it within a general maritime jurisdiction. Counsel for Perkins cite us to no authority which holds that it could be done. The only authority which hints that it *might* be done is an opinion by District Judge Beattie of the Eastern District of Louisiana in the case of Jordan v. Frederick Leyland & Co., 7 F.(2d) 386. That was a *fact* case like the case at bar, and counsel for Jordan claimed that there had been a waiver of this jurisdiction question. The court, after referring to the Jensen and Dawson Cases, supra, said:

"In my opinion nothing short of a direct specific agreement, binding upon the plaintiff and the defendant, could take the plaintiff's case out of the positive rules laid down by the Supreme Court in the cases above cited. I have even some doubt as to whether a specific agreement on this subject, in view of the Supreme Court decisions, could be enforceable in a case like this. However, I do not now decide this, as such a case has not been presented, and it may be that a specific agreement between an employer and an employee, to adopt a state law as the measure of their liabilities and obligations and rights, may be enforceable, even though it 'contravenes the essential purposes expressed by an act of Congress, or works material prejudice to the characteristic features of the general maritime law, or interferes with the proper harmony and uniformity of that law in its international and interstate relations.' "

The court, at length, discussed the allegations in the Jordan Case upon which waiver was based and held that such allegations, *in any event*, were not such as to take the case out of the admiralty jurisdiction. An opportunity was given the plaintiff to amend. We have no further record of the case.

It is not necessary for us to decide whether a specific agreement could deprive the admiralty courts of their jurisdiction in the instant case, for no facts are alleged which show any such agreement. What are the material facts so alleged in this connection?

[3] In point of time, the first evidence of agreement to adopt the state law is the fact that the insurance company voluntarily made some payments to the injured party. That such a circumstance is not sufficient to show an adoption of the state law seems well settled. In the first place, federal Judge Beattie, in the Jordan Case, supra, held that such a fact was *insufficient*.

In this same connection, we quote as follows from brief filed herein by counsel for defendant in error:

"In the case of Doey v. Howland, 224 N. Y. 30, 120 N. E. 53, this question was passed on by the highest court of New York. In that case Doey was killed. The widow filed a claim on behalf of herself and children with the State

Industrial Commission; the commission recognized the validity of the claim and made an award; the insurance carrier acquiesced in the award and made payments, and when the Supreme Court of the United States handed down its decision in Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900, the insurance carrier moved to set aside the award, which was denied, and an appeal taken by the insurance carrier to the proper court, and that court said:

" 'The rule is well settled that a court authorized by statute to entertain jurisdiction in a particular case only, if it undertakes to exercise jurisdiction in a case to which the statute has no application, does not acquire jurisdiction, and its judgment or determination, when made, is a nullity, and will be so treated whenever called in question by either a direct or collateral attack.' Risley v. Phenix Bank, 83 N. Y. 318, 38 Am. Rep. 421; State of Rhode Island v. Mass., 12 Pet. 657, 9 L. Ed. 1233.

" 'Employer and insurance carrier therefore were not, in my opinion, estopped from questioning the jurisdiction of the commission. It had sued on a case over which the federal courts had exclusive jurisdiction. The fact that the determination of the commission had been acquiesced in to the extent that certain payments had been made thereunder, and that an appeal had not been taken therefrom, could not prevent either of such parties raising the question at any time that they saw fit. This follows from the fact that the determination was a nullity. It bound no one. It was a void determination.' "

We quote again from the same brief as follows:

"We call attention of the court to London Guarantee & Accident Company v. Sterling, 233 Mass. 485, 124 N. E. 286.

"In that case two men were killed in a vessel. The insurance company and the two widows made an agreement by which each widow was to receive $10 a week for a period of 400 weeks. These agreements were signed and filed with the Industrial Accident Board and approved by the board. The insurance company made the payments as they became due up to August 8, 1917, when it learned that the Supreme Court had rendered the Jensen Case above referred to. The insurance company ceased payments, and the two widows then brought suit for a decree on the agreement, and judgment was rendered in the trial court for them. On appeal the Supreme Court of Massachusetts said:

" 'The jurisdiction of the Industrial Accident Board to approve agreements regarding compensation and the jurisdiction of the superior court to render a decree in accordance with the agreement necessarily rests upon an assumption and the fact that the agreement concerns compensation for injuries sustained by an employee protected by the act, and then only when the terms of the agreement conform to the provisions of this act. It is fundamental that the superior court could not, by its decree, give validity to an agreement for compensation in its inception void, because not approved by the Industrial Accident Board, acting within and under the authority conferred upon it. And, of course, the agreement is not approved unless the formal approval be also a legal approval

and within the jurisdiction conferred upon the Industrial Accident Board by the act—consent cannot give jurisdiction where the law has not given it.' Jordan v. Dennis, 7 Metc. (Mass.) 590; Gilman v. Thompson, 11 Vt. 643, 34 Am. Dec. 714.

"It will be noted that in the Sterling Case just cited that the interested parties had even entered into a contract agreement upon the amount of compensation and obtaining the approval of the board, and it was held that they were not estopped at a later date from raising the question of the jurisdiction of the board to make the award."

We see no reason why an insurance company should be held to have waived its legal rights just because, for some reason satisfactory to itself, it saw fit, in a voluntary way, to pay a party injured. There is no evidence in this case that, at the time it made the payments, it entered into any agreement to continue to make payments or giving any reasons for making any of the payments.

[4] In the next place, it is contended that when defendant in error went into the district court of Orange county, asking for an annulment of the Accident Board's award in favor of Perkins, it waived its right to object to that court's jurisdiction. We do not think so. Under the Compensation Act, no other court was open to the company. If it had not appealed to that court to set aside the award of the board, we do not know where it could have gone. It had to invoke the equity powers of the district court. Just as soon as the attorneys for Perkins, in the district court, pleaded the facts constituting the basis for his recovery, counsel for the company answered, and one of its exceptions was as follows:

"Plaintiff specially excepts to all of the allegations in said petition which seek to recover compensation under the state Workmen's Compensation Act, because it appears from said allegations that if said Perkins received injuries, the same were so received while he was engaged in working on a seagoing vessel engaged in maritime pursuits, and therefore his claim, if any, is cognizable only in the maritime courts of the United States, and not in the state courts of Texas, and of this plaintiff prays judgment of the court."

The company's prayer in that pleading was as follows:

"Wherefore plaintiff says this court has no jurisdiction and prays that defendant's plea be in all things denied."

[5] Counsel for Perkins also attach much importance, apparently, to an agreement, among all the attorneys in the district court as to certain facts, which agreement was entered into for the purpose of facilitating the trial. That agreement is found on pages 1 and 2 of the statement of facts on file herein, and, as we construe it, contains nothing which tends to show that it was agreed that the district court had general jurisdiction of this

·case. It was stated that the *amount involved* was within the jurisdiction of that court, and that the *parties* were there to try "all matters and things involved" therein. One of ·such matters so involved was this plea to ·the jurisdiction.

It is clear to us that the insurance company took the only logical course in preserving its plea to the jurisdiction of the court .as to the subject-matter here involved. It ·seems that this same general course was followed in the courts in the case of Bell v. Southern Casualty Co. (Tex. Civ. App.) 267 ·S. W. 531. The·jurisdiction plea in that case was sustained and the writ of error denied ·by the Supreme Court.

We think counsel for plaintiff in error here show no fact or facts which establish any agreement on the part of the insurance company to adopt the Texas Compensation Act .and thereby oust the admiralty courts of their jurisdiction, even if it could be held by ·this court that such a thing could be done if ·desired.

We think the first assignment of error in the application must be overruled, because ·we are convinced that the Accident Board and state courts were without any jurisdiction to pass upon this case, and that there had been no waiver by the insurance company of its right to attack such jurisdiction.

This brings us to a consideration of the second assignment of error in the application. It reads as follows:

"Second. The Court of Civil Appeals erred in reversing and rendering the case in favor of the appellant; the appellee has at all times maintained the position, and still maintains, that the Court of Civil Appeals had no authority at law to reverse and render the case or to do anything other than what the trial court could have done. The trial court only had power at law to dismiss the case, and therefore the Court of Civil Appeals could not reverse and render the case, but could have reversed and dismissed the case."

We think this assignment must be sustained.

[6, 7] Neither the state Industrial Accident Board nor the district court had any jurisdiction of the compensation claim, and the Court of Civil Appeals correctly so held. But it does not follow that the trial court should have instructed a verdict for the insurance company. On the contrary, it follows that it would·have been error to do so. To instruct a verdict is to exercise jurisdiction on the merits of the matter which we have shown the district court did not have. The only authority which the court possessed upon discovering in any way its lack of jurisdiction of the subject-matter was to dismiss

the action. In this case that means both the proceeding by the insurance company to set aside the award of the board and the reply of plaintiff in error setting up his claim, for both are predicated upon the Workmen's Compensation Act, and; that act conferring no jurisdiction, the suit fails in every respect. So·that, strictly speaking, the Court of Civil Appeals erred in reversing the case upon the ground stated.

[8] The statement is often found in some of the cases that, where the trial court has no jurisdiction of the subject-matter, the appellate court can have none. This statement is not strictly accurate, for upon complying with the statutes as to appeal, the appellate court does have jurisdiction, even though the trial court had none. If it were not so, there would be no remedy for the pretended judgment of the lower court. But the jurisdiction of the appellate court extends no further as to the merits of the case than that of the trial court. Its duty upon reversing, in such a case, is to render such a judgment as the trial court should have rendered, which is one *dismissing the case.*

.[9] Here, the Court of Civil Appeals, after holding that the trial court had no jurisdiction, has itself exercised jurisdiction on the merits contrary to the very reasons it has given for denying jurisdiction to the trial court. It should have entered judgment dismissing the cause in its entirety, since there is no necessity for remanding the same to the trial court with instructions to dismiss. Williams v. Steele, 101 Tex. 382, 108 S. W. 155; Fruit Dispatch Co. v. Rainey, 111· Tex. 266, 232 S. W. 281; R. O. Kipp Co. v. Anglin (Tex. Civ. App.) 270 S. W. 893.

We are of the view that the Supreme Court should enter the order which the Court of Civil Appeals should have entered.

Therefore we recommend that the judgments of the district court and Court of Civil Appeals be reversed, and that judgment be rendered by the Supreme Court setting aside and holding for naught the award of the Industrial Accident Board of Texas, dated February 16, 1925, and being in favor of plaintiff in error herein, and also dismissing the cross-action of the plaintiff in error. We further recommend that the defendant in error recover of the plaintiff in error all the costs in all the courts.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals both reversed, and judgment rendered for the defendant in error, as recommended by the Commission of Appeals.