## MOORE v. CHRISTIENSON S. S. CO.

District Court, S. D. Georgia.

Feb. 24, 1931.

Oliver & Oliver, of Savannah, Ga., for libelant.

Lawton & Cunningham, of Savannah, Ga., for libelee.

BARRETT, District Judge.

The following are, in substance, the allegations contained in the libel, filed May 24, 1930, and as amended:

On September 9, 1929, the steamship Edwin Christienson, the property of libelee, through the Dixie Stevedoring Company, Stevedores, was loading freight into the hold of its vessel. A gang of laborers, of which Albert Moore, the deceased, was one, was loading freight, and by reason of certain acts of negligence on the part of the ship, which it is not necessary here to enumerate, the said Albert Moore was killed. At the time the libel was filed, there was no one entitled to recover compensation under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 901 et seq.), so far as libelant knows. By implication it appears that deceased was in the employ of the Dixie Stevedoring Company. The suit is brought for the benefit "of Minnie Green, a sister of the said Albert Moore, who was totally dependent upon him for a support." It does not affirmatively appear that she was his next of kin, but it is fair to presume that that was the intention.

This libel is brought under the provisions of the Georgia statute for recovery for homicide, as amended, contained in section 4424 of the 1926 Supp. of Parks Annotated Code of Georgia.

At the time of the filing of the libel, there was no certificate from the deputy commissioner under the Longshoremen's and Harbor Workers' Compensation Act, but subsequent to the filing of the libel—on January 15, 1931—the deputy commissioner determined and entered in writing in the case of Albert Moore the following: "That there is no person entitled under the Longshoremen's and Harbor Workers' Compensation Act to compensation for the death of the said Albert Moore." On January 20, 1931, the United States Fidelity & Guaranty Company, the insurer of the Dixie Stevedoring Company, paid $1,000 under section 44 of the aforesaid act (33 USCA § 944).

Libelee maintains by appropriate pleading that libelant has no right of action, whatever may be the negligence of the libelee, for the reason, briefly stated, that the aforesaid Longshoremen's Act has provided exhaustively and exclusively for libel in admiralty for the benefit of longshoremen injured while on a vessel in the navigable waters of a state.

1. Prior to the adoption of said Longshoremen's Act on March 4, 1927, title 33, section 901 et seq., USCA, the legal representative of a person who had been killed by the negligence of the shipowner had no right of action under federal law against the shipowner by reason of such negligence or against the employer by reason of any state workmen's compensation law. Such representative did have a right to sue in personam in accordance with the local death statute. Western Fuel Co. v. Garcia, Adm'r of Souza, 257 U. S. 233, 42 S. Ct. 89, 66 L. Ed. 210; Great Lakes Dredge & Dock Co. v. Kierejewski, Adm'r, 261 U. S. 479, 43 S. Ct. 418, 67 L. Ed. 756; Lindgren, Adm'r, v. United States, 281 U. S. 38 (3), 50 S. Ct. 207, 74

L. Ed. 686. As its title indicates, the aforesaid Longshoremen's and Harbor Workers' Compensation Act had as its purpose to provide for a longshoreman injured while at work on a vessel within the navigable waters of the United States. Nogueira v. N. Y., N. H. & H. Railroad Co., 281 U. S. 128, 50 S. Ct. 303, 74 L. Ed. 754.

Libelant contends that while it is apparent that such act was intended to be exhaustive and exclusive so far as any right of action would exist against the *employer*, it did not impair or destroy any right of action that existed as against a *third party*, not the employer.

An attentive examination of the act furnishes an answer to the issue thus formed. The pertinent portion as to coverage is found in section 903 (33 USCA) as follows: "(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any dry dock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law." Then certain persons are excepted from its operation.

The duty of the employer is thus stated in section 904 (33 USCA): "(a) Every employer shall be liable for and shall secure the payment to his employees of the compensation payable under sections 907, 908, and 909 of this chapter."

Section 907 provides for medical services and supplies, section 908 provides in detail for compensation for the enumerated disabilities, and section 909 provides compensation for death. In this last section there is an enumeration of those who are entitled to recover under this act for death. This does not embrace a sister of the deceased.

Section 905 provides: "The liability of an employer prescribed in section 904 of this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. * * *"

Particular attention should be given to the following provisions of section 933:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election.

"(c) The payment of such compensation into the fund established in section 944 of this chapter shall operate as an assignment to the employer of all right of the legal representative of the deceased (hereinafter referred to as 'representative') to recover damages against such third person, whether or not the representative has notified the deputy commissioner of his election.

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding."

After making certain provisions for the disposition of the amount recovered by the employer as the assignee of this right of action, after making collection, this follows: "(2) The employer shall pay any excess to the person entitled to compensation or to the representative."

Section 944 provides as follows:

"(a) There is hereby established in the Treasury of the United States a special fund for the purpose of making payments in accordance with the provisions of subsections (f) and (g) of section 908 of this chapter. Such fund shall be administered by the commission. The Treasurer of the United States shall be the custodian of such fund, and all moneys and securities in such fund shall be held in trust by such Treasurer and shall not be money or property of the United States.

"(b) The Treasurer is authorized to disburse moneys from such fund only upon order of the commission. He shall be required to give bond in an amount to be fixed and with securities to be approved by the Secretary of the Treasury and the Comptroller General of the United States conditioned upon the faithful performance of his duty as custodian of such fund.

"(c) Payments into such fund shall be made as follows: (1) Each employer shall

pay $1,000 as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death. Fifty per centum of each such payment shall be available for the payments under subdivision (f) of section 908 of this chapter, and 50 per centum shall be available for payments under subdivision (g) of said section."

Subsection (f) of section 908 provides for supplementing compensation where the employee had already suffered a previous disability, and subsection (g) for maintenance of employees' vocational rehabilitation.

The principle that where Congress had the power to deal with the subject, coming within the police powers of a state, and Congress did not act, the state could act, but when Congress did act it excluded all state action, is restated in a case closely analogous to that at bar, in Lindgren v. United States, 281 U. S. 38, 50 S. Ct. 207, 74 L. Ed. 686. In that case the Supreme Court held that as a result of the adoption of the Merchant Marine Act of 1920 (41 Stat. 988), providing for a right of suit by a seaman in personam at law for recovery of damages, there no longer existed a right of recovery of indemnity for the death of the employee under the death statute of the state. Such act provides for a right of action at law by an employee against his employer but not against a third person.

Even if the Longshoremen's Act did not deal with the right of a legal representative of the deceased, but merely provided for recovery under the Longshoremen's Act for the benefit of certain named relatives and went no further, it is believed that under the principle reasserted in the Lindgren Case, supra, it would nevertheless be exhaustive of all rights and exclusive of any rights created by the state. Such act of Congress indicated an intention on its part to take possession of that field of activity and such intention could be evidenced, though not so clearly, by omission as well as by affirmation.

Libelant assumes that the right provided by the Georgia statute is an inherent right. He forgets that it is purely statutory. He forgets that under the Georgia law until as late as 1924 the right of recovery did not exist "for the benefit of the next of kin, if dependent upon the deceased, or to whose support the deceased contributed."

But Congress does not omit from consideration the existence of a right of action for the benefit of the kin of the deceased other than those enumerated in the act. In section 905 there is this comprehensive language as to whom the exclusive features of this act apply: "* * * to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. * * *" But that is not all. After providing in section 933 that "the person entitled to such compensation" may elect to recover damages from such third person, or if the employee accepts compensation this shall operate as an assignment to the employer of such right to recover damages, and in the event that the deputy commissioner shall determine that "there is no person entitled under this chapter" to such compensation the employer shall pay into the fund provided in section 944 $1,000, it is then provided that this shall operate as an assignment to the employer of all right to recover damages of such third person. This exhausts the field. There surely can be no other persons entitled to recover than those enumerated in the act and those who are not enumerated in the act. In the former class it is provided that upon receipt of compensation by the employee, and in the latter class by payment by the employer of $1,000 to the fund provided by section 944, there shall be an assignment to the employer of such right of action. There is nothing left for the state death statute to operate on. Affirmatively does Congress exclude every element of such state death statute.

The fact that the determination by the deputy commissioner that no one under the statute is entitled to compensation was not made until subsequent to the filing of the libel, and the fact that the $1,000 was not paid until subsequent to that date, is immaterial. Even if neither of these acts had been performed no right of action would exist in this libelant.

Certain special exceptions have been filed and some of them seem to be meritorious; but it is unnecessary to determine them at this time. The result of the conclusion above indicated is that the libel must be dismissed.

Let a decree be presented in accordance herewith.